UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAY RANCEL,

    Plaintiff,

v.   Case No: 2:14-cv-386-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Jay Rancel seeks judicial review of the denial of his claim for Social Security Disability Insurance Benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The sole issue on appeal is whether substantial evidence supports the ALJ's decision that Plaintiff was not disabled during the relevant time period, that is, after the alleged onset date of disability and prior to the expiration of his insured status. Because the decision of the Commissioner is supported by substantial evidence and Plaintiff has not shown any reversible error, the decision will be affirmed.

### I.

Prior to filing the claim under review, on July 17, 2012, Plaintiff filed a claim for Supplemental Security Income ("SSI") and DIB alleging disability beginning in January 2012. Tr. 39, 43, 93-94. The Commissioner found Plaintiff eligible for SSI as of July 1, 2012, and he began receiving benefits. Tr. 39-40. At that time, however, the Commissioner denied Plaintiff's claim for DIB because his DIB insured

status expired on September 30, 2006, six years prior to the date he alleged he became disabled. Tr. 43, 83, 85, 93-94. Plaintiff was 23 years old at that time.

Plaintiff filed a new application for DIB on September 18, 2013, the claim under review in this case, alleging he became disabled on May 31, 2005. Tr. 67-73, 83, 85, 94. Plaintiff alleges disability due to "paranoid/mental health." Tr. 88. His claim was denied initially and upon reconsideration. Tr. 25-38, 53-63. Plaintiff requested a hearing, but waived his right to an oral hearing before an Administrative Law Judge ("ALJ"). Tr. 10, 64-66. On April 4, 2014, ALJ Maria C. Northington issued a decision finding that Plaintiff is not disabled and denying his claim. Tr. 10-15. The law judge found there was insufficient evidence in the record to substantiate the existence of a medically determinable impairment between the dates of May 31, 2005, the alleged onset date ("AOD") of Plaintiff's disability, and September 30, 2006, the date Plaintiff was last insured ("DLI"). Tr. 12-15.

First, the ALJ found Plaintiff met the insured status requirements of the Social Security Act on September 30, 2006. Tr. 12. Next, she determined that Plaintiff did not engage in substantial gainful activity from his AOD (May 31, 2005) through the date he was last insured (September 30, 2006). *Id.* The law judge, however, denied Plaintiff's claim at step two of the process, finding "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment," as required under 20 C.F.R. § 404.1520. *Id.* The ALJ noted that under the Social Security regulations, in claims such as Plaintiff presents here, where he has not presented medical evidence of a severe impairment, the individual must

be found not disabled at step two of the sequential evaluation process (citing SSR 96-4p). Tr. at 12-13; *see* 20 C.F.R. § 404.1520(a), (c).

The ALJ noted that the date that Plaintiff was last insured had "well expired" in September 2006. Tr. 13. Upon review of the record, she found there was insufficient evidence in the record to establish "even a medically determinable impairment" prior to that time, and Plaintiff stated he had no further evidence to support his claim. *Id*. She discussed treatment records from Lee Mental Health Center, but noted they were from July 2008 (and after), well after Plaintiff's DLI, and were not enough to support Plaintiff's past date of last insured of September 2006. Tr. 13-14. The ALJ noted the record contained Plaintiffs' school records (Tr. 139-468), but further observed that the records were prior to the DLI. She also noted there were medical records and reports from GEO South Florida State Hospital that documented his condition in 2012, also well after the DLI expired. Tr. 14, 470-90. The ALJ further discussed treatment notes in 2013 from Lee Mental Health Center, Inc. and SalusCare, which show Plaintiff was diagnosed with schizophrenia, again after the DLI expired. Tr. 14, 491-531. She noted the "only other evidence in the file" is a document showing that Plaintiff completed an anger management program in December 2003 but concluded there "is no evidence in the record to substantiate a finding of a medically determinable impairment prior to the DLI." Tr. 14, 532-33. She further discussed the report of state agency psychological consultant Judith LaMarche, Ph.D. Dr. LaMarche noted Plaintiff was in "current pay status" for his Title XVI (SSI) claim. *Id.*, Tr. 32-37. She reported that Plaintiff's history includes

an "EH" (emotionally handicapped) diagnosis as early as third grade and three inpatient hospitalizations for chronic paranoid schizophrenia, the earliest of which was in 2008. Tr. 36. She further reported Plaintiff's marijuana use, but stated he indicates "only occasional use." *Id.* Significantly, Dr. LaMarche stated "there is no MER (medical records) in file directly relevant to DLI. The 2008 information provided was not adequate/appropriate to support claimant's past DLI of 9/30/2006." *Id.* The ALJ agreed with this finding of Dr. LaMarche. Tr. 14. The law judge, however, disagreed with Dr. LaMarche's finding that Plaintiff's schizophrenia was a nonsevere impairment. *Id.* Instead the ALJ found that a nonsevere impairment could not be established due to lack of evidence in the record prior to the DLI. Thus, the ALJ found the record supports an "insufficient evidence denial." Tr. 14. The law judge noted that at the time of her decision Plaintiff still was receiving SSI benefits, which had begun in July 2012 upon a finding of disability at that time. Tr. 13. She concluded:

> It further bears noting that the claimant's young age under age 40 is a favorable vocational factor. The undersigned is convinced that he will be successful in the job market and recommends that the claimant seek job assistance from the Department of Vocational Rehabilitation, Salvation Army Job Resources and Goodwill Job Connection Services. Accordingly, the undersigned finds there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.

Tr. 14. The Appeals Council let stand the decision of the ALJ as the final decision of the Commissioner. Tr. 1-6. Plaintiff filed an appeal in this Court on July 3, 2014. Doc. 1.

II.

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## III.

In a one-page document[1] with no citation to the record (Doc. 21), despite being previously directed by the Court to do so (Docs. 19, 20, 22), Plaintiff asserts that he was diagnosed with ADHD (Attention Deficit Hyperactivity Disorder) in 1991. Although Plaintiff's records may discuss this disorder (*see, e.g.,* Tr. 365, 470, 475); the records do not reveal an evaluation was made at the time to determine if Plaintiff in fact had ADHD. Moreover, the timing of any such diagnosis and the dearth of medical records since that time in the 2005-2006 time frame – the relevant time frame here – do not support Plaintiff's claim in this case, in which he alleges disability

---

[1] Plaintiff filed another document (Doc. 23) in response to the Court's Order (Doc. 20) granting him another opportunity to file a proper memorandum of law and further advising that the various photographs of Plaintiff and his family, letters, medical and other documents that Plaintiff had submitted, and which the Court directed the Clerk to return, would not suffice as a memorandum of law. Plaintiff's subsequent filing, however, did not address in any way Plaintiff's claims. *See* Doc. 23.

beginning in May 2005. Although he stated he worked until 2006, Plaintiff further comments that it was "without any help which I feel made me extreamley (sic) crazy." Doc. 21 at 2. Although the Court acknowledges that Plaintiff is proceeding *pro se*, it is Plaintiff's burden to provide evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). *Ellison* noted that while is it "well-established" that the ALJ has a basic duty to develop a full and fair record,[2]

> [n]evertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a) (stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled").

355 F.3d at 1276. Thus, it is not for the Court to undertake an open-ended review of the administrative record to formulate arguments on Plaintiff's behalf when he made little effort to do so. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F. 3d 477, 490-91 (6th Cir. 2006). Nonetheless, because "*pro se* pleadings are ... liberally construed," *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998), the Court will attempt to address Plaintiff's argument.[3]

---

[2] Citing to 20 C.F.R. § 416.912(d), which states that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application."

[3] Any issue not raised by the Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ([A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.,* 507 F. Appx. 855, 856 (11th Cir. 2013).

*Whether substantial evidence supports the ALJ's finding at step two.*

After a complete review of the records provided, the Court finds substantial evidence supports the decision of the ALJ. As noted, an individual claiming Social Security disability benefits must prove that he is disabled by providing "[o]bjective medical evidence, that is, medical signs and laboratory findings . . . [and o]ther evidence from medical sources, such as medical history, opinions, and statements about treatment you have received" to reach conclusions about Plaintiff's alleged medical impairment(s). 20 C.F.R. §§ 416.912(b)(1)(i), (ii); *Moore v.* Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citation omitted). The Commissioner's responsibility is to develop a claimant's complete medical history for at least 12 months preceding the month in which the claimant filed his application. 20 C.F.R. § 416.912(d). For DIB claims such as the claim under review in this case, a claimant is eligible for benefits when he shows that he became disabled on or before the last date for which he was insured. *Moore*, 405 F.3d at 1211; *see* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. Because Plaintiff's last insured date was September 30, 2006, he must establish that he was disabled prior to that date. The Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff did not meet his burden of proving that he was disabled during the relevant period.

As discussed by the ALJ, the only records available that are dated prior to the expiration of Plaintiff's disability insured status were school records from 1995 to 2001. Tr. 142-468. Although the school records indicate he was enrolled in special

education classes because of an emotional handicap, there are no medical or other records that document that Plaintiff was diagnosed during that time period with schizophrenia or any other mental condition. As noted, the records also do not reveal an evaluation or diagnosis of ADHD. A June 1991 psychological evaluation report of a school psychologist only recommended that Plaintiff be further evaluated to determine whether he "displays characteristics" of ADHD to rule out this diagnosis. Tr. 365. As noted by the Commissioner, the remainder of the medical evidence is dated 2008-2013, long after Plaintiff's DIB insured status expired in September 2006. Doc. 24 at 6. The ALJ discussed those records and concluded there was no evidence in the record to support a "medically determinable impairment" prior to expiration of the DLI. Tr. 14. The Court agrees. Although the Commissioner found evidence to support a finding of disability in 2012 from the post-2008 records, those records do not support such a finding here. "If a claimant becomes disabled after he has lost [DIB] insured status, his claim must be denied despite his disability. *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979). Plaintiff bears the burden of presenting objective medical evidence *during the relevant time period* that establishes that he has a severe medical impairment that affects his ability to work. He has not met his burden here.

## IV.

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties